UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO . 10-60105-CIV-O'SULLIVAN

[CONSENT]

RICHARD GARZA,
    Plaintiff,

vs.

BROWARD COUNTY and
ROSE MARIE SEEKAMP,
individually,
    Defendants.
_____/

## ORDER APPROVING SETTLEMENT AGREEMENT AND DISMISSING CASE WITH PREJUDICE

THIS MATTER came before the Court following notice from the parties that the case has settled as to RICHARD GARZA and the Court having conducted a hearing concerning the settlement.

THE COURT has heard from counsel and considered the terms of the Settlement Agreement, the pertinent portions of the record, and is otherwise fully advised in the premises.

This case involves a claim for unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, et seq ("FLSA").  In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  Lynn Food Stores v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable

compromise of disputed issues." Id. The district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. Id. at 1354.

In this case, plaintiff RICHARD GARZA is being compensated for the total amount of overtime hours worked plus liquidated damages. The Court has reviewed the terms of the Settlement Agreement including the amount to be received by the plaintiff and finds that the agreement reached by the parties is a fair and reasonable resolution of the case.[1] Accordingly, it is

**ORDERED AND ADJUDGED** that the parties' Settlement Agreement (excluding attorney's fees and costs) is hereby **APPROVED**. It is further

**ORDERED AND ADJUDGED** that this case is **DISMISSED WITH PREJUDICE** as to plaintiff RICHARD GARZA. The Court **retains jurisdiction until Thursday, June 3, 2010** to enforce the terms of the settlement.

The Clerk of Court is directed to mark this case as CLOSED.

**DONE AND ORDERED** in Chambers at Miami, Florida this **4th** day of May, 2010.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record

---

[1] The amount of attorney's fees and costs to be received by the plaintiffs' counsel is reserved until the remaining plaintiffs' claims are resolved.